**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIAN DAWOOD<br>2433 Tilghman Street<br>Allentown, PA 18104<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM WATERS INC.<br>2100 Summer Street<br>Minneapolis, MN 55413<br>and<br>DANIELLE CORSINO<br>734 Roble Road<br>Allentown, PA 18109<br>and<br>BETSY COPISKEY<br>734 Roble Road<br>Allentown, PA 18109<br>and<br>MICHAEL REAVES<br>734 Roble Road<br>Allentown, PA 18109<br><br>Defendants. | : | CIVIL ACTION<br><br>NO.:<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**<u>CIVIL ACTION COMPLAINT</u>**

Julian Dawood (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## **<u>INTRODUCTION</u>**

1. Plaintiff has initiated this action to redress violations by Premium Waters, Inc., Danielle Corsino, Betsy Copiskey and Michael Reaves (hereinafter referred to as "Defendants" unless otherwise noted) of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et.*

*seq*.), and the Pennsylvania Human Relations Act ("PHRA).[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. Plaintiff resides in and is a citizen of Pennsylvania.

3. Upon information and belief, Premium Waters, Inc. is incorporated under the laws of Minnesota with a principal place of business in Pennsylvania.

4. This action is being initiated pursuant to federal laws (Section 1981 and Title VII) and therefore, the United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this judicial district, work in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

7. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

8. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

9. Plaintiff is an adult who resides at the above-captioned address.

10. Premium Waters, Inc. ("PWI") is a bottled water and coffee manufacturer and distributor with locations throughout the United States, including Allentown, PA.

11. Danielle Corsino ("Defendant Corsino" or "Corsino") is Defendants' Plant Manager. She is a high-level manager who has authority to hire, fire and control the terms and conditions of Plaintiff's employment. She is white/Caucasian.

12. Betsy Copiskey ("Defendant Copiskey" or "Copiskey") is Defendants' Vice President of Human Resources. She is a high-level manager who had authority to hire, fire, set policies, conduct investigations, issue discipline and control the terms and conditions of Plaintiff's employment. She is white/Caucasian.

13. Michael Reaves ("Defendant Reaves" or "Reaves") is Defendants' Regional Director. He is a high-level manager who has authority to hire, fire and control the terms and conditions of Plaintiff's employment. He is white/Caucasian.

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

16. Plaintiff is an adult Middle Eastern/Arab male of Iraqi and Syrian national origin. He is also a practicing Muslim.

17. Plaintiff obtained a Master's Degree in Human Resources ("HR") and has worked in the HR field for nearly a decade.

18. Plaintiff is also a veteran, having served in the United States Marine Corps.

19. On or about August 8, 2022, Plaintiff was hired by Defendants as a Senior Human Resources Generalist.

20. Plaintiff was highly qualified to perform his role, as he possessed the required skills and qualifications for the position.

21. Plaintiff worked in Defendants' Allentown, PA location.

22. From in or about August 2022 to November 2024, Plaintiff was supervised by James Linton, Plant Manager.

23. While working under Linton's supervision, Plaintiff was praised for his work and issued satisfactory performance feedback.

24. From in or about November 2024 to April 2026, Plaintiff was supervised by Defendant Danielle Corsino, who became the Plant Manager when Linton vacated the role.

25. While under the supervision of Defendant Corsino, Plaintiff continued to be a hard-working and dedicated employee who performed his job well. For instance, he was issued positive performance feedback, a raise, and a satisfactory performance review as recently as February 2026.

26. In or about November 2024, Plaintiff informed Defendant Corsino about his religious beliefs and ethnicity.

27. Plaintiff's race, national origin and religious beliefs were also well known to Defendants because he took approved prayer breaks throughout the workday and observed fasting in accordance with his beliefs.

28. For the majority of his tenure with Defendants, Plaintiff did not have problems with Defendants regarding his ethnicity or religious practices.

29. However, when Defendant Corsino assumed the role of Plant Manager in or around November of 2024, she fostered a workplace rife with unlawful employment practices and did nothing to stop discriminatory conduct from occurring.

30. During the last approximate 1.5 years of Plaintiff's employment (from in or about November 2024 to April 2026), after Defendant Corsino assumed the role of Plant Manager, Plaintiff experienced frequent and pervasive derogatory comments and treatment regarding his race, national origin and religion.

31. In one instance, on or around February 2, 2026, Defendants hosted a company sponsored group discussion.

32. During this discussion, Plaintiff spoke about his military service and the frequent instances of racism and Islamophobia he faced and overcame while serving.

33. In response, Jacob Stendell (hereinafter "Stendell"), Maintenance Manager, told Plaintiff that facing such discrimination was only a part of his training and implied that it was okay to discriminate against Muslims or Arabs in the Armed Forces to "toughen" them up.

34. Stendell's comments deeply offended Plaintiff and he reported them immediately to Defendant Corsino. However, Defendant Corsino refused to address Plaintiff's concerns.

35. As a result, Plaintiff escalated his concerns of discrimination to Defendant Betsy Copiskey, Vice President of Human Resources, including telling her about Stendell's discriminatory comments and that said comments made him feel offended and uncomfortable.

36. To the best of Plaintiff's knowledge, neither Defendant Corsino nor Defendant Copiskey did anything to investigate or rectify Plaintiff's concerns.

37. In another instance on or around February 20, 2026, Plaintiff was decorating the office with holiday décor from several different cultures, including Easter, Ramadan, and the Chinese New Year.

38. After decorating, Plaintiff received an unsolicited message from coworker Steven Vidal (hereinafter "Vidal") that "Islam promotes hate and persecution" and that "the Koran contradicts the Bible and commands Muslims to murder Christians."

39. Vidal's hateful comments made Plaintiff feel extremely uncomfortable and offended.

40. As a result, in or about early March 2026, Plaintiff informed Defendants Corsino and Copiskey about Vidal's discriminatory comments, explaining that Vidal's test message was discriminatory and offensive.

41. To the best of Plaintiff's knowledge, Defendant Corsino and Copiskey did nothing to resolve this situation. Neither Defendant Corsino nor Copiskey even asked Plaintiff who sent him these messages, what the messages specifically said, or took any remedial action.

42. Vidal was not issued discipline, suspended or terminated for making these discriminatory comments.

43. Defendant Corsino even participated in the discriminatory conduct herself. For example:

a. In or around March 2026, Plaintiff attended a meeting for Defendants in which Corsino insisted every employee taste a water sample;

b. Plaintiff is a practicing Muslim and was in the middle of a religious fast for Ramadan. This fast forbids the eating of food and drinking of water from dawn until sunset;

c. Corsino knew previously that Plaintiff is Muslim, but he reiterated this fact and explained his fast openly with the group, and thus politely declined to drink the water sample;

d. Rather than accept this answer, Corsino insisted Plaintiff try the water sample, stating that "other Muslims don't have a problem with it";

e. When Plaintiff stated that he cannot comment on other Muslims' decision to fast, Corsino went so far as to claim Plaintiff was being "insubordinate" for simply adhering to his religious beliefs and politely declining a water sample;

f. Plaintiff commented that his fast could be a struggle at times, and that just the ` sight of water can be very difficult for him to bear. He stated that he would prefer not to even be near water, since he is unable to eat and drink for such long periods of time.

g. Cosino continued to mock Plaintiff's religious beliefs and accommodation request (i.e. permission to forego drinking a water sample).

44. Later that same day, Plaintiff once again complained to both Defendant Corsino and Copiskey, stating he felt Corsino was trying to force him to decide between breaking his

religious fast or face repercussions professionally and that such treatment was based on his religious beliefs, race and national origin.

45. Neither Defendant Corsino nor Copiskey did anything to rectify this situation. In fact, the very next day Corsino, in response to Plaintiff's comments about struggling to be near water during his fast, aggressively shoved a water bottle at Plaintiff and demanded he examine its expiration date.

46. On or about April 6, 2026, within a few days of Plaintiff's final complaints of discrimination, he was terminated.

47. Defendants Corsino and Michael Reaves (Regional Director) informed Plaintiff he was being terminated due to alleged "substandard performance."

48. As Plaintiff was leaving the facility right after his termination, an alert on his phone announced Plaintiff's call to prayer. When Reaves heard this notification, he shouted ***"turn that shit off you fucking terrorist."***

49. Defendants' reasoning for terminating Plaintiff is clearly pretextual, as: (1) Plaintiff received a glowing performance review as recently as February 2026; (2) Plaintiff was not issued any prior written performance-related discipline; (3) Defendants failed to follow its own progressive discipline policy regarding Plaintiff; (4) Defendants made blatantly discriminatory comments to Plaintiff at and/or near the time of his termination; (5) Plaintiff was terminated shortly after his final complaints of discrimination; and (6) Defendants treated non-Arabic/Iraqi and/or non-Muslim employees more favorably than Plaintiff.

50. Defendants' discriminatory treatment of Plaintiff was frequent, ongoing, cruel and hurtful.

51. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation by Defendants as a result of his race, national origin and religion, as well as his expressed concerns of unfair treatment because of the same.

52. Plaintiff also believes and therefore avers that his race, national origin and religion were motivating and/or determinative factors in the termination of his employment.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**- Against All Defendants -**

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. During Plaintiff's employment with Defendants, he was subjected to a hostile work environment through disparate treatment, demeaning and derogatory language, and pretextual admonishment, because of his race.

55. Defendants' discriminatory treatment occurred during at least the last 1.5 years of Plaintiff's employment, occurred with regularity and included extremely demeaning and hurtful discriminatory comments and treatment.

56. Plaintiff was offended, uncomfortable and hurt by this discriminatory treatment, as would any reasonable employee in his position.

57. Plaintiff objected to/complained of the race-based discrimination he was subjected to, but Defendants failed to take any meaningful action regarding these concerns.

58. Plaintiff was then terminated on or about April 6, 2026, within days of his final complaints of discrimination, for completely pretextual reasons.

59. Plaintiff's race was a motivating and/or determinative factor in Defendants' decision to terminate him.

60. Defendants Corsino, Copiskey and Reaves are individually liable for this discriminatory conduct because they are high-level managers of Defendant PWI, had control over the terms and conditions of Plaintiff's employment (such as hiring, firing, discipline, setting policies, investigating complaints and compensation) and authorized, directed and/or participated in the discriminatory and retaliatory conduct and/or failed to take any remedial action to address or remedy it.[2]

61. Defendants' conduct constitutes violations of Section 1981.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination; [2] National Origin Discrimination; [3] Religious Discrimination; [4] Retaliation; [5] Hostile Work Environment)**
**- Against Defendant Premium Waters Inc. -**

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

[2] 42 U.S.C. §1981 permits individual liability where the individuals: (1) were "personally involved in the discrimination"; (2) "intentionally caused the [company] to infringe [upon] [the plaintiff's Section 1981 rights"; or (3) "authorized, directed, or participated in the alleged discriminatory conduct[.]" *Al-Khazraii v. Saint Francis Coll.,* 784 F.2d 505, 518 (3d Cir. 1986), *aff'd,* 481 U.S. 604, 107 S. Ct. 2022, 95 L. Ed. 2d 582(1987); *Ojo v. Brew Vino LLC*, 2026 U.S. Dist. LEXIS 63491, *11-12 (M.D. Pa. 2026); *see also Shaw v. Temple Univ.*, 357 F. Supp. 3d 461, 474 (E.D. Pa. 2019)("The United States Court of Appeals for the Third Circuit has found individual liability under § 1981 "when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable.") (quoting *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001)); *Purnell v. Radnor Twp. Sch. Dist*., 2019 U.S. Dist. LEXIS 63723, *14 (E.D. Pa. 2019). Section 1981 attaches regardless of whether the individual defendant acted within or outside the scope of his employment so long as the individual was personally involved in the discrimination, intentionally caused the company to infringe upon the plaintiff's Section 1981 rights, or authorized, directed, or participated in the discriminatory conduct. *Ojo*, at *13. In addition, a manager's deliberate indifference to, or participation in, a subordinate's acts of racially-motivated conduct can satisfy the element of intent necessary to give rise to individual liability under § 1981. *See Cardenas,* 269 F.3d at 269; *see also Francis v. Atlas Machining & Welding, Inc.*, No. 11-6487, 2013 U.S. Dist. LEXIS 20691, 2013 WL 592297, at *4 (E.D. Pa. 2013) (finding defendants could be held individually liable under § 1981 for failing to respond to reported instances of verbal harassment); *Ghalib v. Lycoming Coll.,* No. 4:25-CV-00463, 2025 U.S. Dist. LEXIS 186328, at *5 (M.D. Pa. 2025); *Reyes v. Kost Tires & Auto Serv*., 2026 U.S. Dist. LEXIS 189405, *23 (M.D. Pa. 2026).

63. During Plaintiff's employment with Defendant PWI, he was subjected to a hostile work environment through disparate treatment, demeaning and derogatory language and conduct, and pretextual admonishment, because of his race, national origin and religion.

64. Plaintiff objected to/complained of the discrimination he was subjected to, but Defendant PWI failed to take any meaningful action regarding these concerns.

65. Plaintiff was then terminated on or about April, 6 2026, within days of his final complaints of discrimination, for completely pretextual reasons.

66. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of his race, national origin, religion and/or for his objections to/complaints of discrimination.

67. Defendant PWI's conduct constitutes violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
Jeremy M. Cerutti, Esq. (200276)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com
jeremy@karpf-law.com

Dated: September 28, 2026

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Julian Dawood | : | CIVIL ACTION |
| v. | : | |
| Premium Waters Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 9/28/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

DAWOOD, JULIAN

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

PREMIUM WATERS INC., ET AL.

County of Residence of First Listed Defendant: Hennepin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:

JUDGE ______ DOCKET NUMBER ______

DATE 9/28/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______